# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>v.<br><br>HARVEY B. REESE,<br><br>    Movant. | Case No. 2:05-CV-0420-KJD-PAL<br>          2:99-CR-0490-KJD-PAL<br><br>**ORDER** |

Presently before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 (#205). The Government filed a response in opposition (#224).

I. Procedural History and Factual Background

On November 12, 2002, Movant, pursuant to a plea agreement, entered his guilty plea to one count of Title 18, United States Code Section 1951, Interference with Commerce by Threats and Violence. On January 27, 2003, Movant was sentenced to a term of incarceration of 121 months, a sentence within the applicable guideline range. Pursuant to the plea agreement, Movant reserved only the right to appeal an upward departure. Movant waived all other appellate issues. On March 28, 2005, Movant filed the present motion pursuant to § 2255.

Movant argues that he received ineffective assistance of counsel because his attorney failed to file an appeal on his behalf despite repeated requests from himself and his family. Other than his

unsworn allegations, Movant fails to offer any admissible evidence, such as affidavits, that he or his family requested an appeal.  The affidavits of Jacqueline Naylor, his attorney, and Hubert Goodrich, Naylor's investigator, contradict Movant's statements that he requested an appeal.

II.  Analysis

Title 28 U.S.C. § 2255 establishes a one-year statute of limitations for filing motions for collateral relief.  The limitations period in this case begins to run from the date on which Movant's judgment of conviction became final.  See 28 U.S.C. § 2255.  Movant's conviction became final ten (10) days after the Court entered Judgment on January 27, 2003.  See Fed. R. App. P. 4(b)(1)(A); U.S. v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).  Movant's motion was filed on March 28, 2005, more than two years after his conviction.  Furthermore, Movant's argument that the limitation should be equitably tolled is without merit because Movant has not produced admissible evidence demonstrating the veracity of his claims.

Furthermore, the Court would deny Movant's petition because he has not demonstrated prejudice resulting from his counsel's failure to file an appeal.  See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167 (1982).  Movant has demonstrated no basis for overcoming the express waiver of his appellate rights.  The Supreme Court has declared: "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea[.]" Tollett v. Henderson, 411 U.S. 258, 267 (1973).  Here, Movant has not demonstrated any basis for attacking his guilty plea.  Therefore, even if the time limitation were equitably tolled, Movant could not demonstrate prejudice resulting from the failure to file an appeal.  Therefore, the Court must deny Movant's motion pursuant to § 2255.

////

////

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 (#205) is **DENIED**.

DATED this 2nd day of June 2006.

_____
Kent J. Dawson
United States District Judge